IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. TRACEY,

      Plaintiff,                             No. CIV S-05-0810 LKK KJM P

   vs.

SACRAMENTO COUNTY, et al.,

      Defendants.              ORDER

_____/

       Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $48.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his original complaint, plaintiff alleges that nursing staff at Sacramento County Jail gave him the wrong medication, which caused permanent scarring of his face. He also

1  appears to challenge a doctor's decision to inject him with steroids, which also caused scarring.
2  In a document entitled "amended complaint," plaintiff appears to allege that he was not given
3  adequate care for a skin condition for six months, but he provides no other details.
4        In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
5  inadequate medical care did not constitute cruel and unusual punishment cognizable under
6  section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious
7  medical needs."  To establish deliberate indifference, plaintiff must show that defendants knew
8  of and disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825,
9  837 (1994).  A prison official must "both be aware of facts from which the inference could be
10 drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.  A
11 showing of merely inadvertent or even negligent medical care is not enough to establish a
12 constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th
13 Cir.1998).  Instead, an inmate must allege facts sufficient to indicate a culpable state of mind on
14 the part of prison officials. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).   Accordingly,  a
15 difference of opinion about the proper course of treatment is not deliberate indifference nor does
16 a dispute between a prisoner and prison officials over the necessity for or extent of medical
17 treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058
18 (9th Cir.  2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Moreover, there is no
19 Eighth Amendment violation if jail officials give the wrong medication to an inmate unless the
20 officials were aware the medication would produce adverse effects.  Lair v. Oglesby, 859 F.2d
21 605, 606 (8th Cir. 1988) (Eighth Amendment violation may be shown if doctor aware of inmate's
22 allergy to prescribed medication); Callaway v. Smith County, 991 F.Supp. 801, 809 (E.D. Tex.
23 1998) (no Eighth Amendment violation when administration of wrong medication a mistake);
24 Davila v. Secure Pharmacy Plus, 329 F. Supp. 2d 311 (D. Conn. 2004) (no Eighth Amendment
25 violation unless pharmacist acted with "culpable state of mind" when he provided incorrectly
26 labeled medication).  Although plaintiff has not alleged the defendants acted with a "culpable

3

state of mind" or provided details about the inadequate treatment for his skin condition, he will be given the opportunity to amend his complaint.

If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has named Sacramento County and the Sacramento County Jail as defendants. In Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held a municipality was not liable under the civil rights act simply because the agency or municipality employed a person who violated a plaintiff's constitutional rights. The basis for any such claim must be a showing of a governmental policy or custom that was "the moving force" behind the constitutional violation. City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985). The Ninth Circuit has distilled these pleading requirements for a § 1983 action against a municipality: the plaintiff must show he was deprived of a constitutional right, the municipality has a policy, the policy amounts to deliberate indifference to plaintiff's constitutional rights, and the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff's current pleading does not make the necessary connections between a policy, if any, and his injuries.

The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended

complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $48.00.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaints filed April 25, 2005 and November 21, 2005 are dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: December 5, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
trac0810.14